Supreme Court
No. 2014-229-C.A.

State                      :

v.                   :

Francisco Pacheco.       :

**O R D E R**

This appeal stems from a jury trial in Providence County Superior Court. Francisco Pacheco, the defendant, appeals from the denial of his motion to dismiss one of the charges against him—namely, a charge of refusal to submit to a chemical test. Mr. Pacheco's appeal from the denial of that motion came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

On December 28, 2011, during an interaction with officers from the Warren Police Department, Mr. Pacheco refused a preliminary breathalyzer test at the scene and then later refused to submit to a chemical test at the police station. On May 10, 2012, Mr. Pacheco was charged by criminal information with a number of counts, including refusal to submit to a chemical test after having been previously convicted of a chemical test refusal, in violation of

G.L. 1956 § 31-27-2.1(b)(2).[1]  He was arraigned on June 20, 2012, and entered a plea of not guilty on the charge of refusal to submit to a chemical test.  Subsequently, on July 15, 2013, Mr. Pacheco appeared before the Rhode Island Traffic Tribunal on a summons for refusing to submit to a preliminary breath test, in violation of § 31-27-2.3.  That violation was dismissed after a brief hearing because the magistrate in the Traffic Tribunal concluded that the police officer who testified had not provided the required "evidentiary foundation" to sustain the violation.  Mr. Pacheco thereafter moved in Superior Court to dismiss the charge of refusal to submit to a chemical test which was still pending in that court.  He contended then, and he contends again before this Court, that the state was collaterally estopped from proceeding against him on the charge of refusal to submit to a chemical test in violation of § 31-27-2.1(b)(2) because, in his view, that issue had been previously adjudicated and decided in the Traffic Tribunal.

On March 5, 2014, the trial justice denied Mr. Pacheco's motion to dismiss on the grounds that the principle of collateral estoppel was not applicable in the circumstances of this case.  The trial justice then proceeded to state the following: "Also, pursuant to the procedural requirements of [Rule] 12(b)(2) [of the Superior Court Rules of Criminal Procedure], the Court is also going to deny the motion on those grounds as to timeliness."  Mr. Pacheco was ultimately convicted by a Superior Court jury on the charge of refusing to submit to a chemical test in violation of § 31-27-2.1(b)(2); he was sentenced to five months incarceration, a two-year loss of his driver's license, an eight hundred dollar fine, and one hundred hours of community service.

Rule 12(b)(2) of the Superior Court Rules of Criminal Procedure reads, in pertinent part, as follows:

---

[1]     Mr. Pacheco stipulated to the fact that he had previously been convicted of refusal to submit to a chemical test on June 3, 2008.

> "The defense of double jeopardy and all other defenses and objections based on defects in the institution of the prosecution or in the indictment, information, or complaint other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver."

Additionally, Rule 12(b)(3) states the following:

> "The motion shall be made no later than thirty (30) days after the plea is entered * * * but in any event the Court may permit the motion to be made within a reasonable time after the plea is entered * * *."

Rule 12(b)(2) sets forth the general rule requiring that a motion to dismiss on collateral estoppel grounds (which would constitute a "defect[] in the institution of the prosecution") be filed before trial; it appears that, in the instant case, Mr. Pacheco did in fact file his motion to dismiss before the impaneling of the jury began—thus, "before trial." However, it is important to note that Rule 12(b)(3) proceeds to set forth a more specific requirement—viz. that a motion referenced in Rule 12(b)(2) must be filed within thirty days of the entry of the defendant's plea.[2] See State v. Hightower, 661 A.2d 948, 963 (R.I. 1995) (stating that the temporal requirements set forth in Rule 12(b)(3) apply to the types of motions referenced in Rule 12(b)(2)). Mr. Pacheco pled not guilty on June 20, 2012, whereas the motion to dismiss was not filed until March of 2014—a time span of almost two years.

---

[2] The trial justice accurately referenced Rule 12(b)(2) of the Superior Court Rules of Criminal Procedure in his decision on Mr. Pacheco's motion to dismiss. He did not mention the more specific terms of Rule 12(b)(3). We do not believe that the trial justice committed an error in referring to only Rule 12(b)(2) because Rule 12(b)(2) necessarily should be read in light of the specific requirement set forth in Rule 12(b)(3). See State v. Hightower, 661 A.2d 948, 963 (R.I. 1995).

While we remain cognizant of our Rule 12(b) jurisprudence (see Hightower, 661 A.2d at 963), in view of representations made by Mr. Pacheco's present attorney at oral argument as to the possible health-related reason for the delay in the filing of his motion to dismiss and the fact that the timeliness vel non of the motion was not extensively addressed at the hearing in March of 2014, we have decided to remand the case to the Superior Court for the purpose of conducting an evidentiary hearing concerning the Rule 12(b) issue in this case.[3]

For the reasons stated herein, we remand the case to the Superior Court for further proceedings as explained supra. The record may be returned to that tribunal.

Entered as an Order of this Court, this 10th day of November, 2015.

By Order,

_____/s/_____
Clerk

---

[3] Consequently, we need not address at this time the collateral estoppel issues which Mr. Pacheco has raised on appeal. See Grady v. Narragansett Electric Co., 962 A.2d 34, 41-42 n.4 (R.I. 2009) (referencing "our usual policy of not opining with respect to issues about which we need not opine").



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## Clerk's Office Order/Opinion Cover Sheet

**TITLE OF CASE:**        State v. Francisco Pacheco.

**CASE NO:**        No. 2014-229-C.A.
(P2/12-1403A)

**COURT:**        Supreme Court

**DATE ORDER FILED:**        November 10, 2015

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        N/A – Court Order

**SOURCE OF APPEAL:**        Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian Van Couyghen

**ATTORNEYS ON APPEAL:**

For State:   Aaron L. Weisman
Department of Attorney General

For Defendant:   Kara J. Maguire
Office of the Public Defender